UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARIM KHLEUNG,

              Plaintiff,

    v.

DAVID JENNINGS, et al.,

              Defendants.

Case No.  17-cv-00631-DMR

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner Sarim Khleung ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an Application for Order to Show Cause Pursuant to 28 U.S.C. § 2243.  Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") [Docket No. 1]; Application an Application for Order to Show Cause Pursuant to 28 U.S.C. § 2243 ("Application") [Docket No. 1-3].

## I.    RELEVANT FACTUAL BACKGROUND

Petitioner is a Cambodian national.  Petition at 4.  He alleges that he is being unlawfully detained by Respondents David W. Jennings, Thomas D. Homan, John F. Kelly, Dana Boente, and Scott R. Jones ("Respondents") pursuant to a removal order that cannot be executed in violation of the Immigration and Nationality Act and the Fifth Amendment.  Petition at 1, 6-7.

## II.    DISCUSSION

Pursuant to 28 U.S.C. § 2241(c)(3), a federal court may entertain a petition for writ of habeas corpus if the petitioner is in "custody in violation of the Constitution or laws or treaties of the United States."  A federal court entertaining a petition of writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  "Summary dismissal [of a petition for writ of habeas corpus] is

appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Rasheed v. State*, No. C 99-1798 CRB (PR), 1999 WL 236726, at *1 (N.D. Cal. Apr. 16, 1999) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

Having reviewed the Petition, the court finds that the allegations are not "vague or conclusory, palpably incredible or patently frivolous or false," and therefore should not be summarily dismissed. *Rasheed*, 1999 WL 236726, at *1. Petitioner alleges that he was ordered removed almost three years ago, and was first detained pursuant to the removal order in July 2014. Petition at 1-2. Petitioner was released from Respondents' custody in October 2014 because Cambodia did not issue travel documents for him. Petition at 1-2. Petitioner was detained for the second time on August 6, 2016, and has remained in Respondents' custody awaiting removal ever since. Petition at 2, 4-5. On October 28, 2016, Cambodia suspended the existing repatriation agreement with the United States. Petition at 2, 5. According to Petitioner, even before the suspension of the repatriation agreement, Cambodia had "mostly refused or delayed the issuance of travel documents for the majority of Cambodian nationals with removal orders." Petition at 5. To date, Cambodia has not issued travel documents for Petitioner. Petition at 2, 5.

Petitioner contends that "his removal to Cambodia is not significantly likely to occur in the reasonably foreseeable future" due to the suspension of the Cambodian repatriation agreement with the United States and Cambodia's refusal to provide travel documents for Petitioner. Petition at 6-7. Therefore, according to Petitioner, his continued detention violates 8 U.S.C. § 1231(a)(6) of the Immigration and Nationality Act. Petition at 6-7. Petitioner also asserts that "because his removal to Cambodia is not reasonably foreseeable" his continued detention violates his substantive due process rights under the Fifth Amendment, as Respondents' interest in detaining him for removal purposes is "weak or nonexistent" and "cannot outweigh his core liberty interest in freedom from physical restraint." Petition at 7.

## III.    ORDER TO SHOW CAUSE

In light of the above, and for good cause shown, the court grants Petitioner's Application and orders Respondents to show cause why the Petition should not granted, as set forth below:

1.    **By April 28, 2017**, Respondents shall file their return responding to the allegations

United States District Court
Northern District of California

1   in the Petition and showing cause why a writ of habeas corpus should not be issued.

2       2.      **By May 12, 2017**, Petitioner shall file his traverse.

3       3.      The court will hold a hearing on the order to show cause on **May 25, 2017 at 11:00**

4   **a.m.**

5       IT IS SO ORDERED.

6   Dated: March 31, 2017



Donna M. Ryu
United States Magistrate Judge